**SO ORDERED**

**Date signed March 18, 2004**



JOHN C. AKARD
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | | |
|---|---|---|---|
| In Re: | * | | |
| Primary Service Group, LLC, | * | Case No. | 03-11612 PM |
| | * | Chapter | 11 |
| | * | | |
| Debtor. | * | | |
| ************************************ | * | | |
| Gary & Goodman PLLC, | * | | |
| | * | | |
| Movant, | * | | |
| vs. | * | | |
| Primary Service Group, LLC, | * | | |
| | * | | |
| Respondent. | * | | |

### MEMORANDUM OF OPINION ON APPLICATION FOR COMPENSATION FOR REIMBURSEMENT OF EXPENSES OF GARY & GOODMAN PLLC

The law firm of Gary & Goodman PLLC ("Applicant") filed an Application for Compensation and Reimbursement of Expenses ("Application") for services rendered and expenses incurred on behalf of Full Circle, LC ("Full Circle"), the Debtor's landlord in these proceedings.[Docket Text item 248].[1]

---

[1]This court has jurisdiction of this matter pursuant to 28 USC § 1334(a), 28 USC § 157(a) and Local Rule 402 of the United States District Court for the District of Maryland, referring all

**Facts**

Effective July 1, 1998, Full Circle leased the property at 5301 Holland Avenue, Beltsville, Maryland ("Premises") to Johnny B. Quick Plumbing & Heating LLC ("JBQ"). A copy of that lease is Exhibit "A" to the Application. Effective May 5, 2000, JBQ assigned the lease to Primary Service Group, LLC, the Debtor in this bankruptcy case. At the same time, Full Circle and the Debtor entered into an Amendment to Lease. The assignment and amendment are Exhibit "B" to the Application.

The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on February 10, 2003. On May 20, 2003, the court signed its Order Authorizing Debtor to Sell Assets to C.M.H., Inc. Outside the Ordinary Course of Business ("Sale Order"). [Docket Text item 123]. Prior to the hearing on the sale, Full Circle filed a Limited Objection to Motion to Sell Assets Free and Clear. [Docket Text item 118]. The Sale Order approved a May 6, 2003 Asset Purchase Agreement under which the Debtor agreed to sell substantially all of its assets to C.M.H., Inc. d/b/a Cropp-Metcalfe Air Conditioning and Heating ("Cropp-Metaclfe") free and clear of liens and encumbrances. The Sale Order provided that within 15 days after the closing, Cropp-Metcalfe could require the Debtor to assume the lease on the Premises with Full Circle and to assign that lease to Cropp-Metcalfe. The Sale Order recited that the Debtor was current with its post-petition obligations to Full Circle except $3,900 for roof repair and $3,000 in attorney's fees ("Post-Petition Fees"). In addition, the rent for June 2003 in the amount of $14,265.92 would be due on June 1, 2003. The Debtor was authorized to pay the Post-Petition Fees to Full Circle

---

cases under Title 11 of the United States Code to the Bankruptcy Judges of this District. This is a core proceeding under 28 USC §157(b)(2)(A)

-2-

"as an allowed administrative expense" and to pay the June rent to Full Circle.  The Debtor did so.

Apparently, in spite of provisions of the Sale Order, the lease has neither been assumed and assigned to Cropp-Metcalfe nor rejected by the Debtor.  The Debtor's opposition [Docket Text item 254] to the Application[2] recites that the sale to Cropp-Metcalfe closed on May 30, 2003 and that beginning June 1, 2003 Cropp-Metcalfe has been occupying and paying rent on the Premises[3].  The Application acknowledges that Cropp-Metcalfe occupies the Premises and pays the rent.

### Discussion

The Applicant cites no section of the Bankruptcy Code nor any other authority for its Application.  The Applicant was not authorized to be employed as a professional in this bankruptcy case.  The Applicant has not shown any contractual relationship with the Debtor.  All of the services described in the Application were rendered to Full Circle; not to the Debtor.

The Application states that under the terms of its lease, Full Circle is entitled to recover its attorney's fees.  Whether Full Circle is entitled to reimbursement is not the subject of this Application, which is filed by the law firm.

At hearing, the Applicant said that its fees should be allowed as an administrative expense in this bankruptcy case.  The Applicant did not cite any section of the Bankruptcy Code for that assertion.  Section 503 of the Bankruptcy Code authorizes the allowance of

---

[2] The opposition entitled "Opposition to Full Circle, LC's Application for Compensation and Reimbursement of Expenses," is not correct.  The Application is by Gary & Goodman PLLC; not by Full Circle.

[3] Including reimbursing the Debtor for the June rent.

administrative expenses. Only two of its subsections have any possible relation to the attorney Applicant. Section 503(b)(2) allows as an administrative expense compensation and reimbursement awarded under §330(a). In turn, that section allows compensation for professionals employed under § 327 or 1103. The Applicant was not authorized by the Court to be employed under either section.

Section 503(b)(1)(A) allows as administrative expenses, "the actual, necessary costs and expenses of preserving the estate. . ." The Applicant argues that since Full Circle "allowed" the Debtor to remain in possession of the Premises the estate was benefitted and since the Applicant represented Full Circle, the estate benefitted from the Applicant's services. The Court disagrees. Whether the Debtor remained in possession was a decision for the Court, not Full Circle. In any event, Full Circle was paid its rent. The fact that Full Circle decided to use its attorneys in the negotiations was of no benefit to the estate. Full Circle's use of attorneys did not give those attorneys any claim against the Debtor.

## Conclusion

For the reasons stated, the Application will, in all things, be denied. Order accordingly.[4]

---

[4] This memorandum shall constitute findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to contested matters by Federal Rule of Bankruptcy Procedure 9014(c).

Copies to:

Debtor:
    Primary Service Group, LLC
    5301 Holland Avenue
    Beltsville, MD 20705

Attorney for the Applicant:
    Nancy D. Greene, Esq.
    Gary & Goodman PLLC
    8500 Leesburg Pike, Suite 7000
    Vienna, VA 22182-2409

Attorney for the Debtor:
    Alan D. Eisler, Esq.
    Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper. CHTD
    4800 Hampden Lane, Seventh Floor
    Bethesda, MD 20814-2922

United States Trustee:
    Office of the United States Trustee
    6305 Ivy Lane, Suite 600
    Greenbelt, MD 20770

**End of Memorandum of Opinion**